UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-80262-CIV-MARRA

SNOWMAGIC, INC., a corporation,

    Plaintiff,

v.

AQUAPARK HOLDINGS, LLC, a
corporation d/b/a WILD RIVER COUNTRY,

    Defendant.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court on Defendant's Motion for Transfer of Action for Convenience of Parties and Witnesses Pursuant to 28 U.S.C.A. § 1404(a) and Fed. R. Civ. P. 7(b) [DE 6]. The matter is ripe for the Court's consideration. The Court has reviewed all papers submitted in connection with the motion, the entire file, and is otherwise duly advised in the premises.

**Background**

This breach of contract action was commenced in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida and removed to this Court. [DE 1]. The Amended Complaint states that Plaintiff is a Delaware corporation with its principal place of business in Upper Montclair, New Jersey. [*Id*. At 15, ¶2]. The Amended Complaint alleges that Defendant is an Arkansas corporation with its principal place of business in Rivera Beach, Florida. [*Id*. at ¶4].

1

The substance of the alleged breach is Defendant's failure to pay Plaintiff for the lease of a 50-ton snowmaking unit and for services relative thereto. [*Id*. at 16, ¶7]. The Agreement between the Parties is attached to the Amended Complaint. [*Id*. at 21-26]. It indicates that the Agreement relates to a snow park project at Wild River Country, Arkansas. [*Id*. at 22]. It states that Plaintiff will supply a snowmaking unit and will provide startup, setup, testing and training [*Id*.]. It outlines that Plaintiff was to provide the following pre-opening assistance and on-site supervisor management services: pre-opening assistance in design, layout, planning, operations setup and safety; supervise and manage snowmaking staff until the end of December, 2013; manage equipment, operation and maintenance; responsible for staff for snowmaking; assist in training of event staff for day-to-day operations. [*Id*. at 23]. The Agreement states that Plaintiff would make trips, as required, to Arkansas for site visits, planning and meetings. [*Id*.]. The Agreement provides that New Jersey law shall apply to the interpretation of the Agreement. [*Id*. at 24]. It appears that Defendant will be taking the position that Plaintiff breached the Agreement by failing to provide competent assistance in design and layout of the snow tube and by failing to provide on site management services. [DE 9-1 at 20].

**Positions of the Parties**

Defendant seeks an order pursuant to 28 U.S.C. § 1404(a) transferring this case to the United States District Court for the Eastern District of Arkansas, Little Rock Division. Defendant argues that the subject matter addressed in the Amended Complaint took place in that district. [DE 6 at 1, ¶1]. It notes that it is an Arkansas Limited Liability Company, resident and citizen of Arkansas and does business as Wild River Country, a water park. [*Id*. at ¶2-3]. It states that Defendant does not transact business in Florida [*Id*. at 4, ¶15], and only maintains an address

in Riviera Beach, Florida for the convenience of its owner, Mr. Morton Fishman, who serves as the company's Registered Agent [*Id*. at ¶3].

Defendant states that the action could have been commenced in the Eastern District of Arkansas, [DE 6 at 1, ¶4]. Defendant lists five individuals located in Arkansas that it intends to call as witnesses. All but one are employees of Defendant. [*Id*. at 2, ¶¶5-6]. Defendant discusses the inconvenience of the current venue to these witnesses. [*Id*. at 2-3, ¶7]. Defendant points to the fact that Plaintiff's equipment was delivered, installed, monitored and operated at the water park in Arkansas, and that Plaintiff's representatives traveled to Arkansas to install, inspect, and eventually remove Plaintiff's equipment. [*Id*. at 3, ¶8]. Defendant notes that because Plaintiff is a Delaware corporation with its principal place of business in New Jersey, there is no difference from a convenience standpoint between it litigating in Florida or Arkansas. [*Id*. at 5, ¶17].

Plaintiff responds by arguing that since Defendant's factual assertions were not supported by affidavit, it has failed to prove that transfer is appropriate. [DE 9 at 1]. Plaintiff does not, however, deny that the facts as stated by Defense Counsel are accurate. Plaintiff acknowledges that this action could have been brought in Arkansas, and that the "locus of operative facts is Arkansas." [DE 9 at 2, n.1, n.2].

Plaintiff points to the fact that its choice of forum should be accorded considerable deference, but then acknowledges that a non-resident plaintiff's choice of forum is generally accorded less weight. [*Id*. at 4]. Plaintiff notes that Mort Fishman, Defendant's President, who resides in Florida, is an important witness. [*Id*.]. It states that the contract at issue was sent to and returned from Florida. [*Id*. at 5]. The equipment is now in Texas. [*Id*.] All attorneys are in the Southern District of Florida. [*Id*. at 5-6].

3

In reply, to remedy Plaintiff's objection that Defendant did not provide an affidavit to support its assertions, Defendant provided the affidavit of its owner, Morton Fishman, the only person involved in this case with any connection to Florida. He states that although he is the Registered Agent for the company, the address at which the company can be served is in Arkansas. [DE 10-1 at 2, ¶5]. Defendant indicates that it is reserving its right to seek a dismissal based on improper service. [DE 10 at 4, n.1, n.2].

Mr. Fishman attests that no corporate documents and no water park employees are located in Florida, nor is any corporate business conducted here. [DE 10-1 at 2, ¶ 6]. No meetings with Plaintiff were ever conducted in Florida. [*Id*. at 3, ¶ 13]. Plaintiff's President, Albert Bronander, met with representatives of Defendant in Arkansas to assess the project. [*Id*. at ¶14]. Mr. Fishman then went to Arkansas to meet with Mr. Bronander to negotiate the contract. [*Id*. at ¶15].

Mr. Fishman identifies eight witnesses who live in Arkansas and have first-hand knowledge of this matter. Four are not employees of Defendant. [*Id*. at ¶¶16-18]. He states that his employees have indicated their unwillingness or strong reluctance to travel to Palm Beach County for a trial.

He asserts that Plaintiff's equipment was delivered, installed, monitored and operated in Arkansas. Plaintiff's representatives traveled to Arkansas to install, inspect and eventually remove the equipment. [*Id*. at ¶¶21-22]

**Legal Standard**

The statute relied upon by Defendant is 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When a motion to transfer venue is filed, the court must engage in a two-part process to determine if it should be granted. *Precision Fitness Equip., Inc. v. Nautilus, Inc.*, No. 07–61298–CIV, 2008 WL 2262052, at *1 (S.D.Fla. May 30, 2008) (citing *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F.Supp.2d 1373, 1376 (S.D.Fla. 2003). First, the court must determine whether the action could have been brought originally in the venue to which transfer is sought. *Id*. Then, the court must assess whether convenience and the interests of justice require transfer to the requested forum. *Id*.

A court must evaluate both the private interests of the parties, including the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive"—and public-interest considerations—including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (1981) (internal quotation marks and citations omitted).

The Court must also give some weight to the plaintiff's choice of forum. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). The party moving for transfer "bears the burden of demonstrating entitlement." *Intellectual Ventures I, LLC v. Motorola Mobility, LLC*, No.

13–61358–CIV, 2014 WL 129279, at * 1 (S.D.Fla. Jan.14, 2014) (citing *In Re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir.1989)).

**Discussion**

The Parties agree that venue in Arkansas would be appropriate. Apart from the fact that Defendant's owner lives in Florida and appears to have sent and received some correspondence here, there is no nexus to this state. No Party has addressed whether this raises jurisdictional concerns, or whether venue is improper in this Court pursuant to 28 U.S.C. §1391(b). Given the Court's decision will be to transfer this case to Arkansas pursuant to 28 U.S.C. § 1404(a), the Court does not need to address these issues.

Defendant has submitted an affidavit replying to Plaintiff's arguments. While this affidavit would have been more appropriately submitted with Defendant's moving papers, the Court sees no point in denying the instant motion without prejudice for the Defendant to resubmit its motion. Plaintiff has not sought permission from the Court to address Mr. Fishman's affidavit. Furthermore, the Amended Complaint; the Agreement between the Parties; and all of the other papers before the Court, make it clear that venue should be moved to Arkansas in the interest of the convenience of the Parties and witnesses under 28 U.S.C. §1404(a).

After having given some weight to Plaintiff's choice of forum, the Court finds that for the convenience of Defendant's witnesses and in the interest of justice, this case should be transferred to the United States District Court for the Eastern District of Arkansas, Little Rock Division. Only one witness has been identified as residing in Florida, and that is Defendant's

owner. All activities undertaken pursuant to the Agreement took place in Arkansas. There are a large number of witnesses who would have to travel a long way to attend a trial in Florida. Plaintiff's witnesses all have to travel regardless of whether the case is venued in Florida or Arkansas. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Transfer of Action for Convenience of Parties and Witnesses Pursuant to 28 U.S.C.A. § 1404(a) and Fed. R. Civ. P. 7(b) [**DE 6**] is **GRANTED**. The **CLERK** is directed to **TRANSFER** this case to the United States District Court for the Eastern District of Arkansas, Little Rock Division.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of April, 2014.

_____
KENNETH A. MARRA
United States District Judge